

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

AUSTIN 11, TEXAS

September 11, 1951

Hon. Lawrence Jack Moore
County Attorney
Runnels County
Ballinger, Texas

Dear Sir:

Opinion No. V-1279

Re: Present maximum com-
    pensation of County
    Commissioners in
    Runnels County.

Your request for an opinion reads in part as follows:

> "The Commissioners Court of Runnels County, in 1950, raised their own salaries and the salaries of all other County Officials twenty-five per cent, as provided in Art. 3912g, V.C.S., so that at the present time the Commissioners are drawing salaries of $3050.00 annually. The assessed tax valuations of this County for last year were less than $20,000,-000.00, so that under the provisions of Art. 2350, V.C.S., said Commissioners could draw only $2500.00 annually, had they not used Art. 3912g for an increase. The present assessed tax valuations of this County are above $20,000,000.00, which will mean that the Commissioners salaries would be $3,000.00 under the provisions of Art. 2350, or an increase of $500.00 from $2500.00 to $3,000.00."

The questions submitted by you are substantially as follows:

> May the Commissioners' Court of Runnels County increase their own salaries in the sum of $500.00 per year pursuant to the provisions of Article 2350, V.C.S., without increasing the salaries of the other county officials? If so, when is this increase effective?

> What is the maximum compensation that the County Commissioners of Runnels County may receive for the years 1951 and 1952?

Article 2350, V.C.S., provides in part:

"In counties having the following assessed valuations, respectively, as shown by the total assessed valuations of all properties certified by the county assessor and approved by the Commissioners' Court, for county purposes, for the <u>previous year</u>, from time to time, the County Commissioners of such counties shall each receive annual salaries not to exceed the amounts herein specified, said salaries to be paid in equal monthly installments, at least one-half (1/2) and not exceeding three-fourth (3/4), out of the Road and Bridge Fund, and the remainder out of the General Fund of the county; said assessed valuations and salaries applicable thereto being as follows:

" . . .

"$10,000,001 and less than 12,000,000 not to exceed $2,200.00

"$12,000,001 and less than 20,000,000 not to exceed $2,500.00

"$20,000,001 and less than 30,000,000 not to exceed $3,000.00" (Emphasis added.)

Since Runnels County had an assessed valuation for the previous year (1950 tax rolls) of $13,-264,455.00, its county commissioners may receive under Article 2350 a salary not to exceed $2500.00 during 1951. Article 3912g, V.C.S., authorizes an additional increase not to exceed 25% of the sum allowed under the law in 1948. The sum allowed under the law in 1948 to the county commissioners was $2200.00, since Runnels County had a valuation for the previous year (1947 tax rolls) of $11,357,184.00. Under Article 3912g the county commissioners could receive an additional increase not to exceed $550.00, (25% of $2200.-00). Therefore, the maximum salary that may be paid the county commissioners of Runnels County in 1951 is $3050.00 ($2500.00 plus $550.00)

According to your request, Runnels County will have a tax valuation in 1951 of more than $20,-000,001 and less than $30,000,000.

In Att'y Gen. Op. V-1004 (1950) it was held that county commissioners were authorized to receive the increase in compensation allowed under Article 2350 due to the increase in tax valuation without rasing the salary of the remaining county officials in like proportion. It was stated in this opinion:

"Since the tax valuation of DeWitt County has increased from $18,758,825.00 to $20,848,175.00 the Commissioners Court is authorized under the provisions of Article 2350 to set the salaries of the County Commissioners at any sum not to exceed $3,000.00 a year.

"Section 1 of Article 3912g, V.C.S., (S.B. 92, Acts 51st Leg., R.S. 1949, ch. 320, p. 601) provides:

" 'The Commissioners Court in each county of this State is hereby authorized, when in their judgment the financial condition of the county and the needs of the officers justify the increase, to enter an order increasing the compensation of the precinct, county and district officers, or either of them, in an additional amount not to exceed twenty-five (25%) per cent of the sum allowed under the law for the fiscal year of 1948, whether paid on fee or salary basis; provided, however, the members of the Commissioners Court may not raise the salaries of any of such Commissioners Court under the terms of this Act without raising the salary of the remaining county officials in like proportion.' (Emphasis added.)

"The requirement 'that the Commissioners Court may not raise the salaries of any of such Commissioners Court under the terms of this Act without raising the salary of the remaining county officials in like proportion' applies only to the increase authorized in Article 3912g and does not apply to the increase in salaries under the provisions of Article 2350

due to the increase in tax valuation in DeWitt County.

"We agree with the conclusion reached by you in your brief, and you are therefore advised that the Commissioners Court of DeWitt County may set the salaries of the members of the Commissioners' Court at any sum not to exceed $3,000.00 per annum without granting raises to the other county officials."

In addition to the $3,000 base compensation authorized under Article 2350, which will become effective January 1, 1952, the county commissioners also may receive an additional $550.00 for that year under Article 3912g, provided the commissioners' court grants the remaining county officials a proportionate increase under that article.

## SUMMARY

On January 1, 1952, the Commissioner' Court of Runnels County will be authorized to increase their own salaries in the sum of $500.00 per year pursuant to the provisions of Article 2350, V.C.S., without increasing the salaries of the other county officials.

The County Commissioners of Runnels County may receive the maximum compensation of $3,050.00 for 1951 and $3,550.00 for 1952, provided the Commissioners' Court also grants the remaining county officials a proportionate increase under the provisions of Article 3912g, V.C.S., for the respective years.

APPROVED:

Bruce Allen
County Affairs Division

Jesse P. Luton, Jr.
Reviewing Assistant

Everett Hutchinson
Executive Assistant

Yours very truly,

PRICE DANIEL
Attorney General

By *John Reeves*
John Reeves
Assistant

JR:ga:awo